1

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                      **CENTRAL DISTRICT OF CALIFORNIA**

10

11   MARIA ISABEL CONTRERAS,        )   NO. CV 08-07564 SS
                                     )
12                  Plaintiff,       )
                                     )   **MEMORANDUM DECISION AND ORDER**
13            v.                     )   **RE DISMISSAL OF ACTION**
                                     )
14   MICHAEL J. ASTRUE,              )
     Commissioner of the Social      )
15   Security Administration,        )
                                     )
16                  Defendant.       )
     _____)
17

18

19                              **I.**

20                         **INTRODUCTION**

21

22        On November 20, 2008, Plaintiff Maria Isabel Contreras

23   ("Plaintiff"), then represented by counsel, filed this action seeking to

24   overturn the decision of the Commissioner of the Social Security

25   Administration ("Defendant") denying her application for Supplemental

26   Security Income and Disability Insurance benefits.   The parties

27   consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the

28   undersigned United States Magistrate Judge.

The Court issued a Case Management Order on November 20, 2008. The Case Management Order provides, <u>inter</u> <u>alia</u>, that within sixty-six days from the date that Defendant answers the Complaint, the parties must file a Joint Stipulation setting forth their contentions regarding each disputed issue. Defendant filed his Answer on May 5, 2009. Accordingly, the Joint Stipulation was due on or before July 10, 2009. As of today, no Joint Stipulation has been filed.

On August 13, 2009, the Court issued an Order requiring Plaintiff to show cause why this action should not be dismissed for failure to prosecute. On August 27, 2009, counsel for Plaintiff filed a Motion to Withdraw as Attorney of Record. In the Motion to Withdraw, Plaintiff's counsel stated that she was unable to prepare Plaintiff's portion of the Joint Stipulation and unable to contact Plaintiff after multiple attempts by telephone and mail. The Court granted the Motion to Withdraw in an Order issued September 3, 2009. A copy of this Order was mailed to Plaintiff at her address of record.

On September 9, 2009, the Court issued a second Order requiring Plaintiff to show cause why this action should not be dismissed for failure to prosecute. Plaintiff was ordered to respond on or before September 23, 2009. The Court expressly cautioned Plaintiff that failure to respond to the Court's Order would result in the dismissal of this case with prejudice for failure to prosecute.

As of today, Plaintiff has not responded to the Court's September 9, 2009 Order or requested an extension of time. Further action cannot be taken in this matter until Plaintiff informs the Court how she wishes

to proceed.   Therefore, the Court finds that dismissal of this action with prejudice is appropriate for failure to prosecute and failure to comply with court orders, pursuant to Federal Rule of Civil Procedure 41(b).

## II.

### DISCUSSION

Federal Rule of Civil Procedure 41(b) grants district courts the authority to <u>sua sponte</u> dismiss actions for failure to prosecute or to comply with court orders. <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 629-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Dismissal, however, is a harsh penalty and is to be imposed only in extreme circumstances. <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986) (citing <u>Raiford v. Pounds</u>, 640 F.2d 944, 945 (9th Cir. 1981) (per curiam)).   In considering whether to dismiss an action for failure to prosecute or to comply with a court order, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002); <u>see also</u> <u>Oliva v. Sullivan</u>, 958 F.2d 272, 274 (9th Cir. 1992) (applying the factors in reviewing the dismissal of a social security case).

3

**A.    The Five Factors Supporting Dismissal**

       1.    **Expeditious Resolution And The Court's Need To Manage Its Docket**

In the instant action, the first two factors -- public interest in expeditious resolution of litigation and the need to manage the Court's docket -- weigh in favor of dismissal.  The Court advised Plaintiff that she needed to respond to the Court's September 9, 2009 Order. Plaintiff, however, has wholly failed to communicate with the Court. Plaintiff's conduct hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently.

       2.    **The Risk Of Prejudice To Defendant**

The third factor -- prejudice to Defendant -- also counsels in favor of dismissal.  The prejudice to a defendant simply from the pendency of a lawsuit is insufficient, on its own, to warrant dismissal. Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984).  The risk of prejudice, however, is related to the plaintiff's reason for defaulting.  Pagtalunan, 291 F.3d at 642 (citing Yourish v. California Amplifier, 191 F.3d 983, 991 (9th Cir. 1999)).

Plaintiff has not requested any extensions of time or offered any excuse for her failure to respond to the Court's orders.  Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal.

4

1   <u>Yourish</u>, 191 F.3d at 991-92.  Here, Plaintiff has offered no excuse for

2   failing to respond to Court orders and therefore the "prejudice" element

3   favors dismissal.

4

5        **3.   Less Drastic Alternatives**

6

7        The fourth factor -- the availability of less drastic sanctions --

8   ordinarily counsels against dismissal.    The Court has, however,

9   attempted to avoid outright dismissal by repeatedly warning Plaintiff of

10  her obligation to respond to Court orders and granting her additional

11  time to do so.    The Court has, therefore, explored meaningful

12  alternatives to dismissal.  <u>See</u> <u>Henderson</u>, 779 F.2d at 1424 ("The

13  district court need not exhaust every sanction short of dismissal before

14  finally dismissing a case, but must explore possible and meaningful

15  alternatives.") (citation omitted).  Sanctions other than dismissal do

16  not appear to be appropriate given that Plaintiff has failed to

17  participate in her own litigation.

18

19       **4.   Public Policy Favoring Disposition On The Merits**

20

21       The fifth factor -- public policy favoring disposition of cases on

22  their merits -- also ordinarily weighs against dismissal.

23  Notwithstanding this policy, it is the responsibility of the moving

24  party to move toward that disposition at a reasonable pace, and to

25  refrain from dilatory and evasive tactics.  <u>Morris v. Morgan Stanley &</u>

26  <u>Co.</u>, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged

27  this responsibility despite having ample time.    Under these

28  circumstances, the public policy favoring resolution of disputes on the

merits does not outweigh Plaintiff's failure to respond to Court orders in the given time frame.

**B.   <u>Dismissal Of This Action Is Warranted</u>**

In view of the foregoing, the Court concludes that dismissal of this action is warranted under Rule 41(b), which states in pertinent part:

> [A] dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

Fed. R. Civ. Proc. 41(b).

The Court dismisses this action on the basis of Plaintiff's failure to prosecute and obey court orders.  Accordingly, this case does not fall into one of the three exceptions noted above and consequently, the dismissal will operate as an adjudication on the merits.  The dismissal will thus be with prejudice to Plaintiff's refiling of a new action in federal court based on the same allegations.  <u>Stewart v. U.S. Bancorp</u>, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal interpreted as an adjudication on the merits unless one of the Rule 41(b) exceptions applies); <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 714 (9th Cir. 2001) (dismissal for failure to prosecute is treated as an adjudication on the merits) (citing <u>United States v. Schimmels (In re Schimmels)</u>, 127 F.3d 875, 884 (9th Cir. 1997)).

**III.**

**CONCLUSION**

Plaintiff was advised in the Court's August 13 and September 9, 2009 orders about the possibility of dismissal of this action in the event of a failure to file a response or Joint Stipulation. However, she has failed to communicate with either her counsel at the time or this Court.

Consistent with the foregoing, IT IS ORDERED that Judgment be entered DISMISSING this action with prejudice. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on Plaintiff at her current address of record and on counsel for Defendant.

DATED: September 25, 2009                          /S/

                          _____
                                  SUZANNE H. SEGAL
                          UNITED STATES MAGISTRATE JUDGE